# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN NELSON MURRAY,

    *Petitioner*,

vs.

BRIAN WILLIAMS, SR., *et al.,*

    *Respondents*.

2:12-cv-01032-KJD-PAL

ORDER

    Petitioner has submitted an application (#1) to proceed *in forma pauperis* and a habeas petition.

    The matter has not been properly commenced because petitioner submitted incomplete financial paperwork. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner submitted only a partial copy of the first page of the inmate account statement, which typically is a thirteen-page long computer printout. Without the complete printout showing daily account activity over the full six-month period, the Court is unable to assess whether the current balance on the financial certificate is representative of petitioner's ability to pay. The Court is unable to see, *inter alia*, the regularity and amount of any incoming funds as well as the extent to which petitioner is making discretionary expenditures that instead could be applied to payment of the filing fee.

    Petitioner further did not use the Court's required habeas petition form to state his claims. Under Local Rule LSR 3-1, a petitioner must file the petition on the Court's required Section 2254 petition form. In the present case, petitioner in essence used the petition form

1  as a cover document for a 55-page memorandum.  Petitioner instead must state his claims
2  in the body of the petition form itself.  He may not incorporate other documents in the petition.
3  He must file a petition on the required verified petition form specifically alleging the factual
4  particulars supporting his grounds for relief therein, not an unverified legal memorandum.

5  Due to the multiple defects presented, the pauper application will be denied, and the
6  present action will be dismissed without prejudice to the filing of a new petition in a new action
7  with a pauper application with all required attachments.   It does not appear from the papers
8  presented that a dismissal without prejudice would result in a promptly-filed new petition being
9  untimely.[1]  In this regard, petitioner at all times remains responsible for calculating the running
10 of the federal limitation period as applied to his case, properly commencing a timely-filed
11 federal habeas action, and properly exhausting his claims in the state courts.

12 IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis*
13 is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new
14 petition in a new action with a properly completed pauper application with all new – and
15 complete – financial attachments.

16 IT FURTHER IS ORDERED that all pending motions are DENIED without prejudice.

17 IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Reasonable
18 jurists would not find the dismissal of the improperly-commenced action without prejudice to
19 be debatable or wrong.

20 The Clerk shall send petitioner two copies each of an application form to proceed *in*
21 *forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form,
22 one copy of the instructions for each form, and a copy of the papers that he submitted.

---

[1] The papers on file and the online docket records of the state courts reflect the following.

Petitioner Steven Murray was convicted, pursuant to a jury verdict, of DUI causing substantial bodily harm and vehicular homicide.  The Supreme Court of Nevada affirmed the conviction on February 3, 2011. The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on May 4, 2011.  Meanwhile, on April 4, 2011, petitioner filed a state post-conviction petition.  The state district court denied relief, and the Supreme Court of Nevada affirmed.  The remittitur issued on June 4, 2012.  It thus would appear that very little of the one-year federal limitation period has run at this juncture.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: November 19, 2012

_____
KENT J. DAWSON
United States District Judge